UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID CONRAD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 25-1250 |
| JIM SIMPKINS, *et al.* | ) ) ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at the Federal Correctional Institution in Pekin, Illinois, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendant Simpkins, a Federal Bureau of Prisons employee, housed him at a halfway house, presumably as part of his sentence or parole. Plaintiff alleges that he provided information to the Federal Bureau of Investigation about child pornography his roommate possessed that he had obtained in violation of BOP rules that prohibited using

cameras. Plaintiff alleges that officials raided the halfway house and, after Plaintiff refused to destroy a memory card at his roommate's request during the raid, his roommate deduced that he was a snitch. Plaintiff also alleges that Defendant Simpkins documented Plaintiff's involvement in a written report given to the roommate. Plaintiff alleges that Defendant Simpkins charged him with a violation that resulted in his return to custody for several weeks without a hearing.

Plaintiff alleges that officials at the Peoria County Jail failed to provide adequate medical care, and that Defendant Simpkins and other BOP officials denied requests for Plaintiff to see a neurologist and vascular surgeon for a leg injury. Plaintiff alleges that he has suffered irreparable harm.

Plaintiff cannot proceed in an action for money damages involving the fact or duration of his confinement unless and until he successfully challenges the reasons for his confinement in a habeas corpus proceeding. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody). To the extent that Plaintiff alleges his current confinement is illegal, his claims under § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), have not yet accrued.

Plaintiff's remaining allegations warrant discussion regarding the law under which any claims may arise. Claims against officials at the Peoria County Jail are appropriately brought under 42 U.S.C. § 1983, which authorizes redress against state officials acting under the color of state law who violate an individual's constitutional rights. Plaintiff does not name any jail officials as defendants, and the jail itself is not an appropriate defendant under the statute. *See*

*Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (holding the Cook County Jail was not a person under Section 1983).

Section 1983 does not authorize a cause of action against federal officials, such as Defendants Simpkins and Herrera. Plaintiff may be able to state a claim against Defendant Simpkins regarding the denial of access to specialized treatment under *Bivens*, but his allegations are too sparse regarding his underlying medical condition and the necessity for specialized treatment for the Court to do so.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

### Plaintiff's Motion to Request Counsel (Doc. 4)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**Plaintiff's Motion for Preliminary Injunction (Doc. 7)**

Plaintiff filed a Motion for Preliminary Injunction alleging events that occurred at Peoria County Jail. The Court cannot determine the relief Plaintiff seeks, and, because he has not yet stated a claim upon which relief can be granted, the Court finds that Plaintiff has not shown a reasonable likelihood of success on the merits. *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (person seeking injunctive relief must show, in part, a reasonable likelihood of success on the merits). The fact that Plaintiff is no longer confined at Peoria County Jail likely renders his request for injunctive relief moot. Plaintiff's motion is denied.

**Plaintiff's Motions (Docs. 16, 19)**

Plaintiff's motions allege a series of events that occurred at FCI Pekin related to medical treatment, disciplinary tickets, and other issues. He asks the Court to enter an order directing officials at that facility to provide certain medical care and to take other actions related to his confinement. Pekin FCI officials are not defendants in this matter, and the Court has no authority to order them to take any action. For that reason, and for the reasons set forth above, Plaintiff's motions are denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Clerk is directed to send Plaintiff a blank complaint form.**

2) **Plaintiff's Motion [4] is DENIED with leave to renew.**

3) **Plaintiff's Motions [7][16][19] are DENIED.**

Entered this 9th day of October, 2025.

                                *s/Sara Darrow*
                                SARA DARROW
                                CHIEF U.S. DISTRICT JUDGE